IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBBIE LYNN NEWBY | § | |
| v. | § | CIVIL ACTION NO. 6:08cv154 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Robbie Newby, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Newby complains of a conviction for possession of marijuana in an amount greater than four ounces but less than five pounds, for which he received a sentence of ten years in prison and a $10,000.00 fine. In his petition for federal habeas corpus relief, Newby complained that there was no evidence to support the deadly weapon finding, the Court of Appeals failed to address an issue that he raised, the trial court refused to allow him to call a witness who would have testified that the SKS assault rifle found in the house was only there for one night and did not belong to Newby, and he received ineffective assistance of counsel when his attorney erroneously told whim that while the jury could not grant probation, the judge could do so, and so Newby elected to be sentenced by the judge rather than the jury.

The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed to which Newby filed a reply. After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge concluded that sufficient

1

evidence existed to support the finding that a deadly weapon was used in the commission of the offense, Newby did not properly present the claim on appeal which he said that the Court of Appeals failed to address, counsel was not sure where the witness whom Newby to call was, and this witness would likely refuse to testify, and Newby failed to show that but for counsel's alleged dereliction, the result of the proceeding would probably have been different. The Magistrate Judge therefore recommended that Newby's petition be dismissed and that Newby be denied a certificate of appealability *sua sponte*.

Newby filed objections to the Magistrate Judge's Report on June 17, 2009. In his objections, Newby says first that the Magistrate Judge mis-quoted a witness, deputy sheriff Joyce Box. The Magistrate Judge said that Box "testified that she generally only sees rifles of the kind found in Newby's bedroom when she assists the narcotics team in executing drug warrants, and that while a lot of people in Wood County have guns, not many have SKS assault rifles with banana clips." The Magistrate Judge later paraphrased this testimony as saying that such weapons were normally seen only in "raids on narcotics dealers." Even if this paraphrase may have been less than entirely accurate, Newby has failed to show any basis for rejecting the Magistrate Judge's Report based upon this; the evidence at trial was sufficient to support the deadly weapon finding, and so Newby's first contention is without merit.

In a similar vein, Newby says that the cases cited by the Magistrate Judge are inapposite because these cases involve more than mere "possession," but drug trafficking. While it is true that Coleman v. State, 145 S.W.3d 649 (Tex.Crim.App. 2004) involved an individual seen selling drugs, and Gale v. State, 998 S.W.2d 221 (Tex.Crim.App, 1999) involved weapons found in a closet with 20 pounds of drugs, both of these cases stand for the proposition that a weapon is "used" when found in close proximity to drugs, even in possession cases, because the weapon protects the defendant's care, custody, and management of the drugs. In this case, an SKS assault rifle was found in the bedroom of Newby's small, four-room house, in which drug paraphernalia was also found. Newby's attempt to distinguish Coleman and Gale is unavailing; he has failed to show

2

that the Magistrate Judge erred in concluding that the Texas courts validly upheld the finding that a deadly weapon was used in the commission of this offense. His claim on this point is without merit.

Third, Newby says that the failure to raise the omitted claim on appeal was the result of ineffective assistance of counsel on appeal. This omitted claim was the failure to call a witness, an individual named Paul Browning, to testify as to the ownership of the rifle. As the Magistrate Judge observed, Newby's single ground of error on appeal made no mention of the denial of this witness.

Newby did not raise ineffective assistance of counsel on this basis in his federal petition, although he does allude to it in his response to the answer. As the Magistrate Judge observed, even had Newby raised this claim of ineffective assistance of counsel in his petition, he makes no showing that but for counsel's alleged dereliction, a possible issue of merit would have been raised. Newby has failed to show that the Magistrate Judge erred in this regard.

This failure is highlighted by the fact that Newby's claim of trial court error in the failure to allow him to call Browning is likewise without merit. At trial, Newby's attorney conceded that he anticipated that Browning would refuse to testify, and that he was not even sure where Browning was. Even if a subpoena had been issued for Browning, there is no guarantee that it could have been served, and Newby fails to show that any purpose would have been accomplished by calling Browning to testify, only to have the witness invoke his right not to testify, as counsel anticipated that he would do. Newby has not shown that the trial court erred in failing to issue a subpoena for Browning, that trial counsel rendered ineffective assistance in not obtaining one, or that appellate counsel erred in failing to raise this claim on appeal.

Newby says that there was never any question as to Browning's whereabouts, but counsel stated on the record that "we have had problems locating him." (Statement of Facts. Vol. IV, p. 175). He also says that counsel never expressed any doubt to him as to whether Browning would testify and that "the magistrate's version of a 'bench conference' indicating that trial counsel

3

had anticipated that Browning would not testify gives Petitioner the impression that secrets were being kept from him as he was unaware of trial counsel's reservations." The bench conference which appears in the record reflects that Newby's attorney told the court that "I would anticipate that Mr. Browning would refuse to testify." (Statement of Facts, vol. IV, p. 175). Although Newby points to his right to compel the testimony of witnesses, the Fifth Amendment privilege against self-incrimination overrides the defendant's right to compel testimony. Bridge v. State, 726 S.W.2d 558, 567 (Tex.Crim.App. 1986). Newby has failed to show error in the fact that a subpoena was not issued for a witness whom counsel said there had been difficulty locating, and who was expected to invoke the privilege against testifying.

Furthermore, as the Magistrate Judge observed, even had Browning testified, this testimony would not have been dispositive. Newby asserts that Browning would have said that he, not Newby, owned the firearm, but this would not have prevented a finding that the firearm, a deadly weapon, was "used" in the commission of the offense; ownership is not necessary to a finding that a person "used" a deadly weapon in the commission of an offense. Dimas v. State, 987 S.W.2d 152, 155 (Tex.App.-Fort Worth 1999, pet. ref'd). His claim on this point is without merit.

Newby goes on to say that the Magistrate Judge incorrectly said that he was ineligible for probation because of his criminal history, although he concedes that probation is not available for persons found to have used a deadly weapon, which finding was made in his case. He says that the prosecutor in the present case offered him a plea bargain of five years, with no deadly weapon finding, and says that had trial counsel properly advised him of his probation eligibility, he could have opted for a much less harsh sentence, but instead he relied on the erroneous advice of trial counsel in choosing to proceed to trial, and then waived his right to be sentenced by the jury.

This is the first mention which Newby makes of having been offered a plea agreement; he says nothing of such an offer in his petition, his response to the answer, or his state habeas petition. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243

4

F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

In his petition, Newby argued that he received ineffective assistance of counsel because his attorney told him that he would not get probation from the jury but he could from the judge, which was wrong. The Magistrate Judge concluded that Newby made no showing that but for the alleged error, the result of the proceeding would probably have been different; he was facing a potential 20-year sentence but the trial court assessed only 10 years. As the Magistrate Judge stated, Newby had an extensive criminal history, including prior convictions for attempted burglary of an automobile, embezzlement of rental property, unauthorized use of a motor vehicle, and two separate convictions for second-degree burglary; the Magistrate Judge properly concluded that based on these facts, it was "plausible if not likely" that a jury would have assessed Newby a harsher sentence than the one which he actually received, which sentence was well short of the maximum available by law. Newby's claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original petition, the answer of the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Robbie Newby be and hereby is denied a certificate of appealability *sua sponte*. Finally, it is

5

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 6th day of July, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**